# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
                      )
     v.                )   ID No. 1605013744
                      )
SCOTT PRYOR,        )
     Defendant.       )

## ORDER

On this 17th day of May, 2023, upon consideration of Defendant, Scott Pryor's ("Defendant") *pro se* Motion for Sentence Modification (the "Motion"),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1.    Defendant pled guilty to the charges of Burglary Second Degree, Attempted Burglary Second Degree and Resisting Arrest on August 15, 2016.[2]  On February 10, 2017, Defendant was sentenced to, for Burglary Second Degree, eight (8) years at Level V suspended after four (4) years (inpatient drug treatment) for four (4) years at Level IV CREST, suspended after twelve (12) months for two (2) years at Level III CREST Aftercare, followed by two (2) years at Level II supervision; for Attempted Burglary Second Degree (IN16-06-0796), eight (8) years at Level V suspended after three (3) years or two (2) years Level III, CREST Aftercare, concurrent probation and to Resisting Arrest (IN16-06-097), one (1) year Level V

[1] *State v. Scott* Pryor, Crim. ID No. 1605013774, D.I. 38.
[2] D.I. 18.

suspended after 30 days with no probation to follow.[3]  Defendant's sentence was modified on April 1, 2021, at Defendant's request, to remove the CREST portion of Defendant's Level IV sentence and replace it with a "DOC Discretion" placement.[4]

2.   On May 1, 2023, Defendant filed a Motion for Modification of his sentence, as he is requesting that his Level IV sentence, which is currently leaves placement at "DOC Discretion" be modified to allow him to reside at Hudson Behavioral Health.  Defendant asserts that he is homeless, has been in contact with Hudson Behavioral Health for placement and would be better placed in a "more structured environment."[5]

3. Defendant had previously submitted multiple motions for reduction of sentence on January 8, 2020, the first of which was on April 28, 2017.[6]  Defendant was successful and a modified sentence was issued on March 13, 2018.[7]  Then again on November 15, 2018, Defendant moved the Court for modification.[8]  This was denied on January 7, 2019.[9]  Yet again, on March 14, 2019, Defendant moved and was denied modification on May 17, 2019.[10]   Defendant then moved for

---

[3] D.I. 13, 14.  Defendant's original sentence was modified on March 13, 2018, to reflect the above corrected sentence.  D.I. 17.
[4] D.I. 25.
[5] D.I. 35.
[6] D.I. 15.
[7] D.I. 17
[8] D.I. 18.
[9] D.I. 20.
[10] D.I. 21, 22.

"Clarification of Sentence" on June 26, 2019, which was denied on September 11, 2019.[11] Defendant then once again successfully moved for modification on January 27, 2021, and March 8, 2021, which modified the aforementioned Level IV portion of his sentence from CREST to "DOC Discretion".[12] On December 20, 2021 and September 2, 2021, Defendant filed motions for modification of his sentence, both of which were summarily denied as repetitive.[13] Most recently, on January 23, 2023, Defendant filed yet another motion for modification of sentence which was denied on February 10, 2023.[14]

5. Pursuant to Superior Court Criminal Rule 35(b), "[t]he court will not consider repetitive requests for reduction of sentence."[15] A motion is considered repetitive when it "is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[16] The bar to repetitive motions has no exception.[17] The repetitive motion bar is applicable even when the request is for

---

[11] D.I. 23, 24.
[12] D.I. 25, 26, 47.
[13] D.I. 30, 31, 33, 34.
[14] D.I. 35, 36.
[15] *Morrison v. State,* 846 A.2d 238, 2004 WL 716773, at *1-2 (Del. Mar. 24, 2004) (TABLE) (emphasis added).
[16] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[17] *Thomas v. State*, 812 A.2d 900, 2002 WL 31681804, at *1 (Del. Nov. 25, 2002) (TABLE) (It is absolute and flatly "prohibits repetitive requests for reduction of sentence."). *See Jenkins v. State*, 954 A.2d 910, 2008 WL 2721536, at *1 (Del. July 14, 2008) (TABLE) (Rule 35(b) "prohibits the filing of repetitive sentence reduction motions."); *see also Morrison v. State*, 846 A.2d 238, 2004 WL 716773, at *2 (Del. Mar. 24, 2004) (TABLE) (defendant's "motion was repetitive, which

reduction or modification of probation.[18]  Defendant's previous motions for modification of sentence have all been denied.[19]  Therefore, this Rule 35(b) Motion is also barred as repetitive.

6. Defendant presents no new information in this motion that would warrant a modification.  Defendant cites a potential for a violation of program conditions due to him encountering difficulties coordinating employment.  However, that does not rise to a level that either overcomes the procedural bar or otherwise justifies modification.[20]  Accordingly, Defendant's Motion for Modification of Sentence is **DENIED**.

**IT IS SO ORDERED.**

*Danielle J. Brennan*

Danielle J. Brennan, Judge

Original to Prothonotary

Cc:   Scott Pryor (SBI #00569531)
       Department of Justice
       Investigative Services

---

also precluded its consideration by the Superior Court.").

[18] *See Teat v. State*, 2011 WL 4839042, at *1 (Del. Oct. 12, 2011); *see also State v. Bennett*, 2015 WL 1746239, at *2 (Del. Super. Apr. 13, 2015); *see also State v. Weidlow*, 2015 WL 1142583, at *1–2 (Del. Super. Mar. 11, 2015).

[19] D.I. 31.

[20] The grievances cited by Defendant appear to be related to alleged complaints regarding staff at the Department of Corrections ("DOC").  There are more suitable avenues for relief available to Defendant via the DOC administrative process.